UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.:
TERRY FABRICANT, on behalf of himself and others                     1:22-cv-00843(GTS)(CFH)
similarly situated,

                          Plaintiff,

  -against-

                                                                **STIPULATION AND**
CLEAR SKY LOCAL, LLC,                                                **[PROPOSED] ORDER TO**
                           Defendant.                                 **TRANSFER VENUE**
-----------------------------------------------------------------X

      **WHEREAS,** Plaintiff TERRY FABRICANT, on behalf of himself and others similarly situated ("Plaintiff"), commenced this action on or about August 15, 2022 by filing a complaint (the "Complaint") in the United States District Court for the Northern District of New York, with Case No: 1:22-cv-00843(GTS)(CFH);

      **WHEREAS,** the Complaint alleges that defendant Clear Sky Local, LLC ("Defendant") made unsolicited telemarketing text messages to Plaintiff's telephone number, alleging violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227;

      **WHEREAS,** pursuant to 28 U.S.C. § 1391(b)(1) and the Complaint, venue for this action is proper in the judicial district in which Defendant resides;

      **WHEREAS,** pursuant to 28 U.S.C. § 1391(d), Defendant is deemed to reside in the district within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state;

      **WHEREAS,** Defendant does not have sufficient contacts with the Northern District of New York that would subject it to personal jurisdiction if that district were a separate state pursuant to 28 U.S.C. § 1391(d);

      **WHEREAS,** Defendant maintains its principal place of business in Nassau County, New York, and maintains sufficient contacts in the Eastern District of New York sufficient to subject it to personal jurisdiction if that district were a separate state pursuant to 28 U.S.C. § 1391(d);

      **WHEREAS,** the parties agree that venue is proper in the Eastern District of New York, nor the Northern District of New York, based on where Defendant is deemed to reside pursuant to 28 U.S.C. § 1391(b) and (d); and

**IT IS HEREBY STIPULATED AND AGREED**, that the above-captioned action be, and hereby is, transferred to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b) and (d).

Dated: September 29, 2022

| PARONICH LAW, P.C. | CERTILMAN BALIN ADLER & HYMAN, LLP |
|---|---|
| By: /s/ Anthony I. Paronich (with consent)<br>       Anthony I. Paronich, Esq.<br>*Attorneys for Plaintiff*<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>617-485-0018<br>anthony@paronichlaw.com<br>(NDNY Bar No. 701964) | By: /s/ Paul B. Sweeney<br>       Paul B. Sweeney, Esq.<br>*Attorneys for Defendant*<br>90 Merrick Avenue, 9th Floor<br>East Meadow, NY 11554<br>516-296-7000<br>psweeney@certilmanbalin.com<br>(NDNY Bar No. 703863) |

**SO ORDERED** this

__11th__ day of __November_____ 2022.

*/s/ Christian F. Hummel*

Christian F. Hummel
U.S. Magistrate Judge

2

7844619.1